## Lauro GUTIERREZ–LLAMAS, also known as Larry Gutierrez, Petitioner

v.

## Michael B. MUKASEY, U.S. Attorney General, Respondent.

No. 07–60298

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 11, 2008.

---

Jodilyn Marie Goodwin, Jodi Goodwin Law Office, Harlingen, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Kenneth L. Pasquarell, Acting District Director, U.S. Immigration & Naturalization Service, District Directors Office, San Antonio, TX, for Respondent.

Before DAVIS, GARZA and PRADO, Circuit Judges.

**PER CURIAM:** *

Lauro Gutierrez–Llamas (Gutierrez), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming a final order of removal. Gutierrez argues that he is eligible for relief under former 8 U.S.C. § 1182(a) (repealed), because that statute does not require the existence of a corresponding or comparable ground of removability in order to obtain discretionary relief, and the denial of relief under that section violates equal protection. He also requests remand to pursue an application for adjustment of status.

To the extent that Gutierrez requests that he be allowed to apply for an adjustment of status through his United States citizen daughter, he has not adequately briefed this issue, *see Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993), and we lack jurisdiction to address this claim because he did not request this relief before the BIA. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); *Falek v. Gonzales*, 475 F.3d 285, 289 (5th Cir.2007). Gutierrez's assertions that he is entitled to relief under § 1182(c) are foreclosed by our precedent. *See Vo v. Gonzales*, 482 F.3d 363 (5th Cir.2007); *Avilez–Granados v. Gonzales*, 481 F.3d 869 (5th Cir.2007); *Cantu v. Mukasey*, 267 Fed.Appx. 321 (5th Cir.2008) (unpublished).

The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.